# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **LESLIE ROOT**, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 2:21-cv-819 |
| **BOARD OF TRUSTEES OF THE FLORIDA GULF COAST UNIVERSITY**, a political subdivision of the State of Florida, | Judge: |
| | Mag. Judge: |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **LESLIE ROOT** ("**ROOT**"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Equal Pay Act for unlawful gender discrimination and retaliation.

## PARTIES

2. The Plaintiff, **LESLIE ROOT** ("**ROOT**") is an individual and at all material times was a resident of Florida employed by the Defendant.

3. 3. The Defendant, **BOARD OF TRUSTEES OF FLORIDA GULF COAST UNIVERSITY** ("**FGCU**") was and is a public entity and the duly

1

empowered governing authority for FGCU. FGCU is a public institution of higher education located in Fort Myers, Florida

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **ROOT** is a female person.

7. **ROOT** began her employment with the Defendant on January 25, 2021 as its Graduate Programs Coordinator.

8. **ROOT** has always performed her assigned duties in a professional manner and is very well qualified for her position.

9. **ROOT** consistently received excellent performance reviews, including in June 2021.

10. **ROOT** has the same job as a male employee in her exact department.

11. **ROOT**'s job duties are virtually identical to this male employee and yet the Defendant pays **ROOT** significantly less money.

12. There is no legitimate business reason why the Defendant pays **ROOT** significantly less money than her male counterpart who does the same job.

13. Accordingly, **ROOT** made multiple complaints to the Defendant regarding the pay disparity.

14. During the week of August 23, 2021, **ROOT** contacted the Defendant's Assistant Director of HR and made complaints about the Defendant's discriminatory pay practices.

15. On August 31, 2021, **ROOT** made two complaints by email to the Defendant regarding the Defendant's discriminatory pay practices as to her.

16. On September 1, 2021, **ROOT** contacted the Defendant's Assistant Director of Employee Relations to request a meeting in regard to her complaints.

17. On September 15, 2021, **ROOT** participated in the Defendant's purported investigation of her complaints regarding the Defendant's discriminatory pay practices.

18. On or about October 18, 2021, the Defendant concluded its investigation.

19. The Defendant then terminated **ROOT** on October 27, 2021 and stated that it did so "without cause."

20. The Defendant has violated the Equal Pay Act.

## COUNT I - VIOLATION OF THE EQUAL PAY ACT

21. Plaintiff incorporates by reference Paragraphs 1-13 of this Complaint as though fully set forth below.

22. **ROOT** has worked for the Defendant within the last three (3) years.

23. **ROOT** brings this action against the Defendant for legal relief to redress the Defendant's systemic pattern and practice of equal pay violations.

24. The Defendant has deprived **ROOT** of her equal rights under the Equal Pay Act.

25. **ROOT** is a woman who the Defendant paid at a much lesser rate than male employees in jobs requiring substantially the same skill, effort and responsibility, which jobs are in the same working conditions.

26. Supervisory personnel of the Defendant intentionally subjected **ROOT** to unequal and discriminatory pay based upon gender that altered the conditions of her employment.

27. The actions of the Defendant are intentional, willful, and malicious and/or in deliberate indifference for **ROOT'** clearly established legal rights as secured by the Equal Pay Act.

28. The Defendant could not have believed that paying **ROOT** at a much lesser rate than similarly situated male employees was lawful in light of the clearly established law that gender discrimination was an infringement of legal rights.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II – VIOLATION OF THE EQUAL PAY ACT - RETALIATION

29. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

30. At all material times, Plaintiff was an employee and the Defendant was her employer covered by and within the meaning of the EPA.

31. Plaintiff was qualified for the position that she held with the Defendant.

32. Plaintiff did engage in statutorily protected activity.

33. Plaintiff did suffer adverse employment action, which is causally linked to her engagement in statutorily protected activity.

34. Plaintiff's complaints and disclosures constitute a protected activity because her complaints and disclosures were concerning an unlawful activity of the Defendant.

35. Said protected activity was the proximate cause of the Defendant's negative employment actions against Plaintiff, which included Plaintiff's termination.

36. Instead of investigating Plaintiff's complaints and lauding his honest reporting of violations of law, the Defendant retaliated against the Plaintiff by terminating her employment.

37. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the EPA.

38. As a direct and proximate result of the violations of the EPA, as referenced and cited herein, Plaintiff has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

39. As a direct and proximate result of the violations of the EPA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, Plaintiff is entitled to all relief necessary to make her whole as provided for under the PWA.

40. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: November 4, 2021      **/s/ Benjamin H. Yormak**

        Benjamin H. Yormak
        Florida Bar Number 71272
        Lead Counsel for Plaintiff
        Yormak Employment & Disability Law
        9990 Coconut Road
        Bonita Springs, Florida 34135
        Telephone: (239) 985-9691
        Fax: (239) 288-2534
        Email: byormak@yormaklaw.com